## EMILIE ANDERSON v. WILLIAM G. WHITE.[1]

May 10, 1912.

Nos. 17,533—(42).

**Findings sustain the judgment.**
> Action for the purchase price of lots, which the plaintiff sold and agreed
> to convey to the defendant, who agreed to pay the price on tender of deed.
> Defense, that the defendant was induced to enter into the contract by the
> misrepresentation of the plaintiff as to the location of the lots. *Held*, that
> the findings of fact in favor of the plaintiff are sustained by the evidence,
> and that they justify judgment for plaintiff, and, further, that the trial
> court did not err in its rulings as to the admission of evidence.

Action in the district court for Hennepin county to recover $575
upon a contract for the purchase of certain lots. The case was tried
before Steele, J., who made findings and as conclusion of law ordered
judgment in favor of plaintiff. From the judgment entered pursu-
ant to the findings, defendant appealed. Affirmed.

*J. H. Green* and *J. M. Pulliam,* for appellant.
*McIntyre & Hursh,* for respondent.

START, C. J.
On June 18, 1910, the plaintiff was the owner of six lots in Otto-
ville, on Lake Minnetonka, and on that day the parties hereto en-
tered into a written contract whereby the plaintiff sold and agreed
to convey the lots to the defendant, who agreed to pay the plaintiff
therefor $600, payable $25 on the execution of the contract and $575
August 18, 1910, or as soon thereafter as a warranty deed convey-
ing good title should be tendered. This action was brought in the
district court of the county of Hennepin to recover the balance due
on the contract, $575.

The complaint alleged the execution of the contract, performance

[1] Reported in 135 N. W. 1006.

thereof on the part of the plaintiff, including the tender of a warranty deed for the lots to the defendant, and a demand for the balance of the purchase price. The answer admitted the execution of the contract, and performance on the part of the plaintiff, and alleged in effect that defendant was induced to enter into the contract by the fraud or inexcusable mistake of plaintiff in showing him certain lots other than those described in the contract, and represented to him that they were the lots she proposed to sell to him, and that the lots described in the contract were the same lots plaintiff had shown to him; that the representation was untrue, in that the lots shown plaintiff were worth $700, but those described in the contract were of no value whatever; and that, upon discovering the fraud or mistake, the defendant notified the plaintiff and demanded that the contract be corrected so as to describe the lots shown to him. The reply put in issue the new matter alleged in the answer.

The cause was tried by the court without a jury, findings of fact made in favor of the plaintiff, and judgment directed for the amount claimed in the complaint. Judgment was so entered, and the defendant appealed therefrom.

The assignments of error raise two general questions: Whether the findings of fact are sustained by the evidence, and whether the facts found sustain the judgment; also, whether there was reversible error in the rulings of the court as to the admission of evidence. The facts found by the trial court were substantially those alleged in the complaint. There was no finding relevant to the issue of fraud tendered by the answer, nor any request for a finding on such issue. Nor does the record disclose any evidence which would sustain a finding of any fraud or misrepresentation by the plaintiff. The defendant does not here seriously claim that there was any fraudulent misrepresentation on the part of the plaintiff, but that there was a material mistake of the parties as to the subject-matter of the contract, that is, as to the identity and location of the lots, or at least that he was mistaken in this respect, which was induced by the innocent misrepresentation and mistake of the plaintiff or her alleged agent. The objection that no such issue was made by the pleadings

aside, it is clear that the evidence would not justify, much less require, a finding that such misrepresentation, innocent or otherwise, was made by the plaintiff, or by anyone authorized to speak or act for her. The evidence sustains the findings of fact, which justify the conclusion of law.

We have considered the several rulings of the trial court as to the admission of evidence, and find no reversible error therein.

Judgment affirmed.